**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**DAVID A. WARREN** and **PATRICIA A. WARREN**, on behalf of themselves and all others similarly situated,

    **PLAINTIFFS,**

v.                                                                         CIVIL ACTION NO. 2:23-cv-00702

**LOANDEPOT.COM, LLC,**

    **DEFENDANT.**

## CLASS ACTION COMPLAINT

1. This Complaint involves a mortgage loan servicer's collection of unlawful fees and costs. Defendant LoanDepot.Com, LLC, ("Defendant" or "Loan Depot") is an industry-leading holder and servicer of residential mortgages that impermissibly profits from West Virginia mortgage borrowers by charging extra fees for the processing of borrowers' monthly payments made by telephone or online ("Pay-to-Pay Transactions"). Defendant routinely violates West Virginia debt collection law by charging and collecting these illegal processing fees ("Pay-to-Pay Fees").

2. As a loan servicer, Defendant is supposed to be compensated out of the interest paid on each borrower's monthly payment—not via additional transaction fees for collecting the monthly payment. Under West Virginia law, Defendant cannot collect any amount for services rendered, including any amount it pays third parties to provide borrowers' services. Defendant also cannot assess any fee or charges not explicitly authorized by both the original mortgage agreement and by statute.

1

3. Despite its uniform contractual obligations to charge only fees explicitly allowed under the mortgage and applicable law, Defendant leverages its position of power over homeowners and demands unlawful, tacked-on Pay-to-Pay Fees.

4. Defendant created an unlawful profit center through charging Pay-to-Pay Fees for every monthly mortgage payment made by phone or internet. In doing so, Defendant nickels-and-dimes borrowers who struggle enough without having to unlawfully "tip" the debt collector for taking borrowers' payments.

5. Plaintiffs David A. Warren and Patricia A. Warren paid these Pay-to-Pay Fees and bring this class action lawsuit individually and on behalf of all similarly situated putative class members to recover the unlawfully charged Pay-to-Pay Fees and to enjoin Defendant from continuing to charge these unlawful fees.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiffs David A. Warren and Patricia A. Warren are residents of Seth, Boone County, West Virginia.

7. Defendant LoanDepot.com, LLC, is a corporation having its principal executive offices at 26642 Towne Centre Drive, Foothill Ranch, California, and which does business in West Virginia.

8. This Court has jurisdiction over Defendant because it conducts business in West Virginia and commits torts in West Virginia, as described in this Complaint.

9. Venue is proper because the Plaintiffs legally reside in this district. 28 U.S.C. § 1391(b)(1).

10. Subject matter jurisdiction exists under the Class Action Fairness Act because diversity exists between the Defendant and at least one class member and the amount in controversy exceeds $5,000,000.

## Factual Background

### *The Mortgage Servicing Industry*

11. Loan Depot is a lender, mortgage broker, and servicer that operates around the country. Loan Depot originates and buys loans, including mortgage servicing rights, and exercises those mortgage servicing rights to collect mortgage payments, charge fees, enforce the Deed of Trust and Note.

12. Each time a mortgage borrower whose loan is serviced by Loan Depot makes a payment over the phone, Defendant charges the borrower a Pay-to-Pay Fee of $2.00.

13. Typically, a mortgage loan servicer will use a vendor to process the transaction.

14. The usual cost that a servicer like Defendant pays to process Pay-to-Pay Transactions is $.30 or less per transaction.

15. Thus, the actual cost to Defendant to process the Pay-to-Pay Transactions is well below $2.00 amounts charged to borrowers, and Defendant pockets the difference as profit.

16. Defendant's customers' mortgage agreements do not authorize Defendant to collect Pay-to-Pay Fees.

17. No statute authorized Loan Depot to collect Pay-to-Pay Fees.

### *Named Plaintiffs' Facts*

18. Plaintiffs entered into a mortgage loan agreement with Defendant as lender to borrow $161,500.00 to fund the purchase of their residence.

19. The documents governing the agreement between Plaintiffs and Defendant are the Promissory Note (the "Note") and Deed of Trust, each executed on December 16, 2019.

20. When making a telephone payment, Plaintiffs may either process it through an automated system or give the payment information through a representative. In either circumstance, the payment is processed electronically.

21. Defendant has charged Plaintiffs a $2.00 fee for making mortgage payments over the telephone.

22. Neither the Plaintiffs' Note nor Deed of Trust entitled Defendant to assess fees for scheduled payments, electronic payments, online payments, or telephone payments.

23. W. Va. Code § 46A-2-127(g) prohibits "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation."

24. By charging or collecting Pay-to-Pay Fees, Defendant attempted to collect from the Plaintiffs a part of Defendant's fee or charge for services rendered and violated the law of West Virginia, i.e., the West Virginia Consumer Credit and Protection Act ("CCPA"). *See* W. Va. Code. § 46A-2-128(c).

25. By charging or collecting Pay-to-Pay Fees not authorized by the Deed of Trust and/or Note, Defendant violated the CCPA. *See* W. Va. Code. § 46A-2-128(d).

## THE PROPOSED CLASS

26. Plaintiffs incorporate the preceding paragraphs by reference.

27. This action is also filed as a class action. Plaintiffs, serving as class representatives, tentatively define the class as follows:

**All persons (1) with a residential mortgage loan securing a property in West Virginia, (2) where the lender, broker, servicer, or sub-servicer is Loan Depot, (3) who paid a fee to Loan Depot for making a loan payment by telephone, by interactive voice recognition (IVR) or by other electronic means, during the applicable statutes of limitations through the date a class is certified.**

28. Plaintiffs reserve the right to redefine the class definition in light of discovery and additional investigation.

29. The putative class is so numerous that joinder of all members is impractical.

30. There are questions of law and fact common to the putative class, which predominate over any questions affecting only individual class members, including but not limited to:

    a. Whether Defendant assessed Pay-to-Pay Fees on Class members;

    b. Whether Defendant violated the CCPA by charging customers for Pay-to-Pay Fees that are part of its fee or charge for services rendered;

    c. Whether Defendant violated the CCPA by charging Pay-to-Pay Fees not authorized by the loan agreement and by statute;

    d. Whether Defendant's business practices are unlawful;

    e. Whether Plaintiffs and the Class were damaged by Defendant's conduct;

    f. Whether Plaintiffs and the Class are entitled to actual and/or statutory damages as a result of Defendant's actions; and

    g. Whether Plaintiffs and the Class are entitled to attorney's fees and costs.

31. The principal common issues involve whether Defendant's conduct regarding the collection of Pay-to-Pay Fees constitutes a violation of the debt collection practices provisions of the WVCCPA.

32. Plaintiffs' claims are typical of the claims of the Class members. Defendant charged them a Pay-to-Pay Fee in the same manner as the rest of the Class members. Plaintiffs and the Class members entered into uniform covenants in their Deed of Trusts that prohibit Pay-to-Pay charges.

33. Plaintiffs will fairly and adequately protect the interests of the class. They have suffered pecuniary injury as a result of Defendant's actions and will, accordingly, vigorously litigate this matter. Plaintiffs are greatly annoyed at being the victims of Defendant's illegal and fraudulent conduct and wish to see that wrong remedied. To that end, Plaintiffs have retained counsel experienced in claims involving unfair business practices and consumer protection.

34. Neither the Plaintiffs nor their counsel have any interest that might prevent them from vigorously pursuing this claim.

35. Class action is a superior method for the fair and efficient adjudication of this particular claim and controversy.

36. The interest of putative class members in individually controlling and maintaining the prosecution of separate claims against Defendant is small given the fact that they are unlikely to be aware of their legal rights and the amount of statutory or actual damages in an individual action is relatively small.

37. The management of this class claim is likely to present significantly fewer difficulties than those presented in many larger, more complex class actions.

38. As a proximate and/or foreseeable result of Defendant's wrongful conduct, each member of the putative class has suffered actual and/or statutory damages.

*CLAIMS BROUGHT INDIVIDUALLY AND ON BEHALF OF A CLASS*

## COUNT I
## VIOLATING THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT

39. Plaintiffs are "persons" and "consumers" who fall under the protection of Article 2 of the CCPA and are entitled to the remedies set forth in Article 5 of the CCPA. *See* W. Va. Code. § 46A-1-102(31); 46A-2-122(a).

40. Defendant is a "debt collector" as defined by West Virginia Code § 46A-2-122(d), engaging directly or indirectly in "debt collection" as defined by West Virginia Code §46A-2-122(c) within the State of West Virginia, including Boone County, West Virginia.

41. Defendant has engaged in repeated violations of Article 2 of the CCPA, including but not limited to,

   a. using unfair or unconscionable means to collect a debt from the Plaintiffs in violation of West Virginia Code § 46A-2-128;

   b. collecting or attempting to collect collection fees or charges, in violation of West Virginia Code § 46A-2-128(c);

   c. collecting or attempting to collect fees, which are neither expressly authorized by any agreement creating or modifying the obligation or by statute or regulation, in violation of West Virginia Code § 46A-2-128(d);

   d. utilizing fraudulent, deceptive or misleading representations or means regarding Plaintiffs' mortgage loan status in an attempt to collect a debt or obtain information regarding Plaintiffs in violation of West Virginia Code § 46A-2-127;

   e. representing that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or

        charges when in fact such fees or charges may not legally be added to the existing obligation in violation of West Virginia Code § 46A-2-127(g);

    f.    falsely representing or implying the character, extent, or amount of a claim against a consumer in violation of West Virginia Code § 46A-2-127(d); and

    g.    threatening to take any action prohibited by Chapter 46A of the West Virginia Code or any other law regulating debt collectors' conduct in violation of West Virginia Code § 46A-2-124(f).

42.    As a result of Defendant's actions, Plaintiffs and each member of the putative class has suffered actual and/or statutory damages.

## RELIEF SOUGHT

Plaintiffs request that the Court, on behalf of Plaintiffs and on behalf of all class members:

1.    Certify this case as a class action under Rule 23 of the Federal Rules of Civil Procedure;

2.    Designate Plaintiffs as class representatives and their undersigned counsel as class counsel;

2.    As authorized by West Virginia Code § 46A-5-101(1), award a civil penalty to the Plaintiffs and all class members for each violation of any provision of Chapter 46A;

3.    Award the actual or compensatory damages incurred by the Plaintiffs and all class members, including any overpayment of fees;

4.    Award prejudgment and post-judgment interest at the proper rate allowed by law;

6.    Award reasonable attorneys' fees and costs;

7.    Award appropriate and necessary equitable relief for the Plaintiffs and class members;

8. Enter judgment against Defendant and in favor of the Plaintiffs and the class on all claims and declare Defendant's conduct illegal; and

9. Award all other relief deemed just and equitable.

**THE PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated: October 30, 2023            */s/ Denali Hedrick*
                                                          Denali S. Hedrick, Esq. (WVSB #14066)

**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV 25301
Tel. (304) 345-6555
Email: DHedrick@baileyglasser.com

Patricia M. Kipnis (WVSB #12896)
1622 Locust Street
Philadelphia, PA 19102
Tel. (215) 274-9331
Email: PKipnis@baileyglasser.com

Jason E. Causey (WV Bar No. 9482)
**BORDAS & BORDAS, PLLC**
1358 National Road
Wheeling, WV 26003
Telephone: (304) 242-8410
Email: jcausey@bordaslaw.com

*Counsel for Plaintiffs and Proposed Class Members*