IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DAVID A. WARREN AND PATRICIA
A. WARREN, on behalf of themselves
and all others similarly situated,

    **Plaintiffs,**

v.               Civil Action No. 2:23-cv-00702

LOANDEPOT.COM.LLC,

    **Defendant.**

### ORDER ON MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SCHEDULING ORDER

Pending before the Court is a Motion for Preliminary Approval of Class Action Settlement filed by Plaintiffs David A. Warren and Patricia A. Warren ("Plaintiffs"), on behalf of the proposed settlement class. Plaintiff and Defendant loanDepot.com, LLC ("loanDepot" or "Defendant") have agreed to settle this Action pursuant to the terms and conditions set forth in a written Settlement Agreement (the "Settlement"). Plaintiffs and loanDepot reached the Settlement after exchange of class discovery and through arms'-length negotiations among counsel. After careful consideration, this Court GRANTS the motion and, in exercise of its discretion, APPROVES the Settlement on a preliminary basis, based on the following findings and conclusions.

<u>The Class, the Class Representatives, and Class Counsel</u>

The parties have agreed to certification of a Settlement Class for settlement purposes only, defined as:

> All persons (1) with a residential mortgage loan secured by property in West Virginia, (2) serviced or sub-serviced by loanDepot, and (3) who were assessed by and/or paid to loanDepot a convenience fee in connection with making a mortgage loan payment online or by phone (whether agent-assisted, via interactive voice

1

recognition (IVR), or otherwise) during the Class Period. "Class Period" means the period from September 15, 2019, through date of this Order. The class consists of borrowers on 276 accounts, who were assessed a total of 745 convenience fees during the Class Period.

The Court has considered the submissions of the parties with respect to the temporary and conditional certification of the Class for settlement purposes only and has analyzed the proposed settlement pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) and 23(e). The Court **PRELIMINARILY FINDS**, for settlement purposes only and conditioned upon the entry of this Order that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied in that: (a) the Settlement Class conditionally certified herein numbers approximately 276 loans, and joinder of all such borrowers on those loans would be impracticable; (b) there are questions of law and fact that are common to the Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual class member; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.  Defendant retains all rights to assert that this action may not be certified as a class action, other than for settlement purposes. The Settlement Class is hereby provisionally certified for settlement purposes only.

Upon consideration of the factors set forth in Fed. R. Civ. P. 23(g), the Court appoints David A. Warren and Patricia A. Warren as Class Representatives for the Settlement Class. The Court appoints the following firm and attorneys as Class Counsel:

**BAILEY & GLASSER LLP**
Jonathan R. Marshall
Patricia M. Kipnis
James L. Kauffman

**BORDAS & BORDAS PLLC**
Jason Causey

<u>Preliminary Approval of Settlement</u>

Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs and the proposed Settlement Class would fully, finally, and forever resolve, discharge, and release all claims regarding loanDepot's assessment of the released fees in exchange for loanDepot's payment of $285,000.00 (the "Settlement Fund") to create a common fund to benefit the Settlement Class. This Settlement Fund will be used to pay Settlement Payments to Settlement Class Members, which payments will be allocated on a per-fee basis. The Settlement Amount is inclusive of all Attorneys' Fees and Expenses, court costs, Class Notice and other Administrative Costs, and Incentive Awards to Plaintiffs, all in amounts to be approved by the Court.

The Court has considered the proposed settlement in light of Rule 23(e)(1)(B), which states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to:

(i) approve the proposal under Rule 23(e)(2); and
(ii) certify the class for purposes of judgment on the proposal.

Consistent with this directive, the Court has analyzed each factor set forth in Rule 23(e)(2), which states as follows:

*Approval of the Proposal.* If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

    (i)   the costs, risks, and delay of trial and appeal;

    (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

This settlement easily meets all these criteria for likely final approval. Therefore, the Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arm's-length negotiations between the parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter final judgment.

<u>Approval of Notice and Notice Program and Direction to Effectuate Notice</u>.

The Parties have agreed that Class Counsel will select a Settlement Administrator and Class Counsel have selected Epperly Re:Solutions. The Court approves that selection and appoints

Epperly Re:Solutions as the Settlement Administrator to perform in accordance with the Settlement Agreement.

The Court approves the form, manner, and content of the Class Notice, substantially in the form attached as Exhibit A to the Settlement Agreement, and the procedures for Settlement Class Members to opt out or object. The Court further finds that the Notice Plan, described in section 10 of the Settlement Agreement, is the best practicable under the circumstances. The Notice Plan is reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, the terms of the Settlement, Class Counsel's Fee Application and request for Incentive Awards for the Plaintiffs, and Class Members' rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Application, and/or the request for Incentive Awards for the Plaintiffs. The Class Notice and Notice Plan constitute sufficient notice to all persons entitled to notice. The Class Notice and Notice Plan satisfy all applicable requirements of law, including, but not limited to, Federal Rules of Civil Procedure 23(c) and 23(e)(1) and the Constitutional requirement of due process.

Pursuant to the terms of the Settlement Agreement, loanDepot is hereby directed to supply, after the Settlement Administrator has agreed to be bound by the terms of the protective order entered in this case (ECF 21), an electronic list or lists to the Settlement Administrator containing the names, fees paid, last known addresses, email addresses, phone numbers, and social security numbers of Settlement Class Members, to the extent available from loanDepot's records, and the Settlement Administrator shall update the addresses in accordance with the Settlement Agreement. loanDepot shall provide Class Counsel with a version of the Class List with the social security numbers redacted.

No later than seven (7) days following entry of this Order, the Settlement Administrator shall mail the Class Notice by first class United States mail to the updated addresses for the Settlement Class. Any Class Notices returned as undeliverable, but with a forwarding address, shall be promptly re-mailed to the forwarding address. The Settlement Administrator shall perform a National Change of Address Registry and LexisNexis/Death Records Search for all Class Notices returned as undeliverable, without a forwarding address. Such Class Notices shall be re-mailed upon discovery of a valid mailing address for the Settlement Class Member.

The costs and expenses of printing, preparing, and mailing the Class Notice shall be paid from the Settlement Fund. The costs and expenses for re-mailing any Class Notices shall be paid from the Settlement Fund as well.

<u>Final Approval Hearing, Opt-Outs, and Objections</u>

The Court directs that a Final Approval hearing shall be scheduled for **February 5, 2025, at 10:00 a.m.**, to assist the Court in determining whether to grant Final Approval of the Settlement and enter final judgment, and whether Class Counsel's Fee Application and request for Incentive Awards for Plaintiffs should be granted.

The Court directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class may exercise the right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Class Notice at any time before the Opt-Out Deadline. To be valid and timely, opt-out requests must be postmarked on or before the Opt-Out Deadline and mailed to the address indicated in the Class Notice, and must:

1) identify the case name;

2) identify the name, current address, property address, loan number and last four digits of the Social Security Number of the Settlement Class Member;

   3) be personally signed by the Settlement Class Member requesting exclusion; and

   4) contain a statement that indicates a desire to be excluded from the Settlement Class in the Action, such as "I hereby request that I be excluded from the proposed Settlement Class in the Class Action."

Mass or class requests for exclusion shall not be allowed. Each co-borrower must submit a request for exclusion in order for a Settlement Class Member to validly opt out of the Settlement Class.

  The Opt-Out Deadline shall be stated as a date certain in the Class Notice and shall be **January 22, 2025**, fourteen (14) days prior to the Final Approval Hearing. All persons within the Settlement Class who do not timely and validly opt-out shall be bound by the terms of the Settlement.

  The Court further directs that any member of the Settlement Class who does not timely and validly opt-out may object to the Settlement, Class Counsel's Fee Application, and/or the request for Incentive Awards for the Plaintiffs. Objections must be in writing and electronically filed with the Court or mailed to the Clerk of the Court. For an objection to be considered by the Court, the objection must be electronically filed or mailed first-class postage prepaid and addressed in accordance with the instructions and the postmark date indicated on the envelope must be no later than the Objection Deadline, as specified in the Class Notice which Objection Deadline shall be **January 22, 2025**, fourteen (14) days prior to the Final Approval Hearing. For an objection to be considered by the Court, the objection must also set forth:

   a. The name of the Action;

   b. The objector's full name, address, telephone number, and loan number;

   c. An explanation of the basis upon which the objector claims to be a Settlement Class Member;

- 8 -

    d.    All grounds for the objections, accompanied by any legal support for the objection;

    e.    For any objector who did not receive Class Notice and claims to be a member of the Settlement Class, the objector must provide:

        i.    A true and correct copy of the objector's residential mortgage loan; and

        ii.    A true and correct copy of documents showing that the objector, during the Class Period, paid to loanDepot a fee for optional payment services and the Fee was not waived or refunded.

    f.    The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

    g.    The identity of all counsel representing the objector who will appear at the Final Approval Hearing;

    h.    A list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

    i.    A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

    j.    The objector's signature (an attorney's signature is not sufficient).

    k.    A list of all other prior class settlement objections and consideration paid to resolve them.

<u>Further Papers In Support Of Settlement and Fee Application</u>

Plaintiffs shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and request for Incentive Awards for Plaintiffs, no later than seven (7) days after the Opt-Out Deadline. If loanDepot chooses to file any papers in support of the Settlement, it also must do so no later than ten (10) days after the Opt-Out Deadline.

<u>Stay/Bar Of Other Proceedings</u>

All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Persons (as defined in the Settlement Agreement) any action or proceeding in any court, arbitration forum or tribunal asserting any of the Settled Claims.

Based on the foregoing, the Court sets the following schedule for the Final Approval hearing and the actions which must precede it:

- The Settlement Administrator shall mail the Notice no later than seven (7) days from the date of this Order (the "Notice Date");

- Settlement Class Members must file any objections to the Settlement, the Motion for Final Approval of the Settlement, Class Counsel's Fee Application and/or the request for a service award no later than the Objection Deadline specified in the Notice which shall be **January 22, 2025**, fourteen (14) days prior to the Final Approval Hearing;

- Settlement Class Members must file requests for exclusion from the Settlement no later than the Opt-Out Deadline specified in the Notice which

shall be **January 22, 2025**, fourteen (14) days prior to the Final Approval Hearing;

- Plaintiffs shall file their Motion for Final Approval of the Settlement, and Class Counsel shall file their Fee Application and Request for Incentive Awards for Plaintiffs, no later than seven (7) days after the Opt-Out Deadline; and

- The Final Approval Hearing will be held no sooner than 100 days after October 17, 2024, the date the Motion for Preliminary Approval was filed,[1] on **February 5, 2025, at 10:00 a.m**. in the Courtroom of the Honorable Thomas Johnston, Robert C. Byrd United States Courthouse, 300 Virginia Street East, Charleston, West Virginia, 25301.

IT IS SO ORDERED.

Dated:  October 17, 2024

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

Jointly Agreed to and Submitted By:

/s/ *Patricia M. Kipnis*
Patricia M. Kipnis (WVSB #12896)
**BAILEY & GLASSER LLP**
pkipnis@baileyglasser.com
923 Haddonfield Road
Suite 300
Cherry Hill, NJ 08002
(215) 274-9420

/s/ *J. Mark Adkins*
J. Mark Adkins (WVSB #7414)
**BOWLES RICE LLP**
madkins@bowlesrice.com
600 Quarrier Street
Charleston, WV 25301
(304) 347-1756

---

[1] This Final Approval Hearing date is no earlier than 90 days after mailing of notices pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715, which must be mailed no later than 10 days after filing of the Preliminary Approval Motion.

Jonathan R. Marshall (WVSB #10580)
James L. Kauffman (*admitted pro hac vice*)
**BAILEY & GLASSER LLP**
jmarshall@baileyglasser.com
jkauffman@baileyglasser.com
209 Capitol Street
Charleston, WV 25301
(304) 345-6555

Jason E. Causey (WVSB #9482)
**BORDAS & BORDAS, PLLC**
jcausey@bordaslaw.com
1358 National Road
Wheeling, WV 26003
(304) 242-8410

*Counsel for Plaintiffs and the Proposed Settlement Class*

Regina J. McClendon (*admitted pro hac vice*)
**LOCKE LORD**
rmcclendon@lockelord.com
Suite 1950
101 Montgomery Street
San Francisco, CA 94104
(414) 318-8804

*Counsel for Defendant*

cc:  All Counsel of Record